United States District Court
Southern District of New York
-----------------------------------------------------------------------x
Ramfis Aquino,

                           Plaintiff,

                -v-

The City of New York, New York City Department of Correction ("DOC") Captain Francisco Medina (Shield No. 844), DOC Officer Anthony Robinson (Shield No. 15032), DOC Officer John Doe (the name "John Doe" being fictitious, as the true name, rank, and shield number are currently unknown, but he is believed to be olive-skinned, tall, heavy set with a large belly, with dark hair, and who was on duty in Bronx Central Booking on March 28, 2013), in their individual capacities,

                           Defendants.
-----------------------------------------------------------------------x

**Complaint and Demand for a Jury Trial**

16-CV- 1577

Plaintiff Ramfis Aquino, through his attorney Robert M. Quackenbush of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

### Preliminary Statement

1. Pursuant to the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983, plaintiff Ramfis Aquino brings this civil rights action for violations of his constitutional rights and for injuries caused by officials of the New York City Department of Correction ("DOC") and by the municipal policies, practices and customs of their employer, defendant City of New York.

2. This complaint – arising from the use of force against Mr. Aquino – seeks compensatory damages, punitive damages, and attorneys' fees.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §

1

1983, for violations of the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1-2) in that defendant City of New York resides in this venue and Mr. Aquino's claims arose within the confines of this judicial district.

5. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## Parties

6. Plaintiff Ramfis Aquino was at all times relevant to this action a resident of the County of Bronx in the State of New York.

7. Defendant City of New York, through its agency DOC, is authorized under the laws of the State of New York to maintain correctional facilities, which act as its agent and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of correctional facilities and the employment of correctional officers under its employ.

8. Defendant DOC Captain Francisco Medina (Shield No. 844) was at all times relevant herein an employee and agent of the City, through DOC. On March 28, 2013, Capt. Medina was the supervisor of the other officer-defendants named herein. Capt. Medina is being sued in his individual capacity.

9. Defendant DOC Officer Anthony Robinson (Shield No. 15032) was at all times relevant herein an employee and agent of the City, through DOC. C.O. Robinson is being sued in his individual capacity.

10. Defendant DOC Officer John Doe (the name "John Doe" being fictitious, as the true name, rank, and shield number are currently unknown, but he is believed to be olive-skinned, tall, heavy set with a large belly, with dark hair, and who was on duty in Bronx Central Booking

on March 28, 2013) was at all times relevant herein an employee and agent of the City, through DOC. C.O. Doe is olive-skinned in appearance, tall (at least 5'11" in height), and heavy set with a large belly, with dark hair. As set forth below, C.O. Doe participated in and/or observed the search of Mr. Aquino inside Bronx Central Booking located at 215 East 161st Street in Bronx County, New York, on or near the ground floor of that complex. C.O. Doe is being sued in his individual capacity.

11. The true and complete name, rank, and shield number of defendant C.O. Doe are not currently known to Mr. Aquino. However, he was an employee or agent of the DOC on the date of the incident, March 28, 2013. Accordingly, he may be entitled to representation in this action by the New York City Law Department ("Law Department") upon his request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Mr. Aquino intends to name said officer as defendant in an amended pleading once his true and complete name, rank, and shield number become known and (b) that the Law Department should immediately begin preparing his defense(s) in this action.

12. At all times relevant herein, defendants Capt. Medina, C.O. Robinson, and C.O. Doe (collectively referred to herein as "officer-defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and/or DOC, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their respective duties. They were acting for and on behalf of the City and/or DOC at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the City and/or DOC

and incidental to the lawful pursuit of his duties as an officer, employee and agent of the City and/or DOC.

13. The officer-defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. Aquino's rights.

14. At all relevant times, the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

### Statement of Facts

15. On March 28, 2013, Mr. Aquino was taken into custody for allegedly violating conditions of his parole.

16. Mr. Aquino was taken to Bronx Central Booking, located at 215 East 161st Street in Bronx County in the State of New York.

17. While Mr. Aquino was in Central Booking but before he saw a judge (likely between 8:00 p.m. and 11:59 p.m. on March 28, 2013), Capt. Medina, C.O. Robinson, and other corrections officers arrived, removed Mr. Aquino from the holding cell, cuffed him, and escorted Mr. Aquino downstairs to be strip searched.

18. En route downstairs, in Mr. Aquino's presence, Capt. Medina encouraged the other officers to use force against Mr. Aquino.

19. The officer-defendants were present for the strip search which, upon information and belief, occurred on or near the ground floor of Bronx Central Booking.

20. Mr. Aquino removed his clothes and squatted as directed by the officer-defendants. After, Mr. Aquino stood up and looked around.

21. C.O. Robinson aggressively asked Mr. Aquino, in sum and substance, why he was looking at their badges.

22. Thereafter, in the immediate presence of the other officers, C.O. Robinson and C.O. Doe punched, smacked, and/or otherwise struck Mr. Aquino in the head and back.

23. The assault caused, *inter alia*, a sharp pain in or near Mr. Aquino's left ear and an alteration in his ability to hear out of that ear.

24. At no time prior or during the assault did Mr. Aquino resist or disobey orders.

25. Mr. Aquino was taken to another cell and repeatedly requested medical attention. Those requests were either denied or ignored.[1]

26. Upon seeing the judge, Mr. Aquino was remanded to DOC custody.

27. Mr. Aquino reported the injuries and the assault to DOC officials at intake in the Vernon C. Bain Center.

28. Over the next few days, Mr. Aquino's left ear began discharging a foul-smelling pus.

29. An audiologist assessed Mr. Aquino's condition and concluded that he suffered hearing loss.

30. Mr. Aquino was thereafter given a hearing aid for his left ear.

31. Due to an imbalance caused by impaired hearing in the left ear, Mr. Aquino was also issued a hearing aid for his right ear.

32. Upon information and belief, these injuries are permanent.

---

[1] For instance, while still at Bronx Central Booking, Mr. Aquino spoke to a person believed to be a captain about the use of force. The captain stated that Mr. Aquino would be evaluated by medical staff and that an investigation into the incident would take place. However, Mr. Aquino was not given any medical attention while at Bronx Central Booking, and – upon information and belief – the DOC did not conduct any investigation until almost six months after the incident.

5

## Claim for Relief
## 42 U.S.C. § 1983
## Violations of the Fourth, Eighth and Fourteenth Amendments
### (*Against all defendants*)

33. Mr. Aquino repeats and re-alleges each of the above paragraphs with the same force as if set forth herein.

34. By officer-defendants using unlawful force against Mr. Aquino which served no legitimate penological purpose and was objectively unreasonable under the circumstances (as more fully set forth above), and by failing to intervene in each other's unlawful uses of force, the officer-defendants, acting under color of state law and without lawful justification, intentionally, and/or with deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damages to Mr. Aquino in violation of his rights secured by the Fourth, Eighth and Fourteenth Amendments, through 42 U.S.C. § 1983.

35. At all times material to this complaint, there was a pattern and practice of conduct by DOC officials that violated the constitutional rights of inmates. There was, and is, a "deep-seated culture of violence" which was "pervasive" across the various DOC facilities, and "DOC staff routinely utilize[d] force not as a last resort, but instead as a means to control the [ ] population and punish disorderly or disrespectful behavior." See Report from United States Attorney Preet Bharara to New York City Mayor Bill de Blasio, et al., dated August 4, 2014 ("U.S. Attorney Report"), at 3, available online at http://www.justice.gov/usao/nys/pressreleases/August14/RikersReportPR/SDNY%20Rikers%20Report.pdf.[2]

---

[2] Mr. Aquino hereby incorporates the U.S. Attorney Report by reference herein.

6

36. At all times material to this complaint, there was a pattern and practice of "correction officers resort[ing] to 'headshots,' or blows to an inmate's head or facial area too quickly." See id., at 4.

37. At all times material to this complaint, there was a pattern and practice of using force "as punishment or retribution." See id.

38. At all time material to this complaint, there was a pattern and practice of using force "in response to inmates' verbal altercations with officers." See id.

39. The above-described de facto policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

40. At all times material to this complaint, defendant City of New York failed to properly train, screen, supervise, or discipline employees including the officer-defendants, and failed to inform supervisors of their need to train, screen, supervise or discipline DOC employees such as the officer-defendants regarding the limits on uses of force.

41. Further, the "DOC's hiring process has failed to recruit sufficient talented [corrections officers] and has failed, in some instances, to weed out those who would abuse their position." See New York City Department of Investigation Report on the Recruiting and Hiring Process of New York City Correction Officers, January 2015 ("DOI Report"), at 2, available online at https://s3.amazonaws.com/s3.documentcloud.org/documents/1502553/report-on-the-recruiting-and-hiring-process-for.pdf.[3]

42. The above-described policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, were direct and proximate causes of the unconstitutional conduct alleged herein, causing injury and damage in violation of Mr.

---

[3] Mr. Aquino hereby incorporates the DOI Report by reference herein.

7

Aquino's constitutional rights under the Eighth and Fourteenth Amendments, through 42 U.S.C. § 1983.

43. As a result of the foregoing, Mr. Aquino suffered conscious pain and suffering, damage, and injury.

### Jury Demand

44. Mr. Aquino demands a trial by jury in this action on each and every one of his damage claims.

### Prayers for Relief

*Wherefore*, Mr. Aquino demands judgment against the defendants jointly and severally and prays for relief as follows:

   a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

   b. That he be awarded punitive damages against the officer-defendants;

   c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

   d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
March 1, 2016

Respectfully submitted,

By: /s/ Robert M. Quackenbush
Robert M. Quackenbush
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
f: 212-658-9480
e: robert@drmtlaw.com