United States District Court
Southern District of New York
-------------------------------------------------------------------x

Ramfis Aquino,

                                        Plaintiff,

              -v-                                                    **16-CV-1577 (GHW)**

The City of New York, New York City Department of
Correction ("DOC") Captain Francisco Medina (Shield
No. 844), DOC Officer Anthony Robinson (Shield No.
15032), DOC Officer John Doe (the name "John Doe"
being fictitious, as the true name, rank, and shield
number are currently unknown, but he is believed to be
olive-skinned, tall, heavy set with a large belly, with
dark hair, and who was on duty in Bronx Central
Booking on March 28, 2013, in their individual
capacities,

                                        Defendants.
-------------------------------------------------------------------x

**Plaintiff's Memorandum of Law in Support of Application for
Expedited Discovery Regarding the Identity of Defendant
Corrections Officer "John Doe" Prior to the Expiration of the
Statute of Limitations**

Robert M. Quackenbush
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
f: 212-658-9480
e: robert@drmtlaw.com

## Table of Contents

**Page**

Table of Authorities .................................................................................................... i

Preliminary Statement ............................................................................................... 1

Statement of Facts ..................................................................................................... 2

Argument…... ……..…........................................................................................... 2

     A. Given the impending statute of limitations and the limited prejudice to defendant City of New York, there is good cause to order expedited the discovery of photographs, names, and physical descriptions of the potential pool of corrections officials who encountered Mr. Aquino on March 28, 2013 inside Bronx Central Booking ................................. 4

     B. In the alternative, the Court should order that Mr. Aquino be permitted to amend the complaint to substitute "John Doe" with his actual identity past the expiration of the statute of limitations in the ordinary course of discovery ............................... 6

Conclusion …………….. ....................................................................................... 10

## Table of Authorities

**Case Name**                                                                   **Page Numbers**

Admarketplace, Inc. v. Tee Support, Inc., 13 Civ. 5635 (LGS)
    2013 U.S. Dist. LEXIS 129749 (S.D.N.Y. Sept. 11, 2013) . . . . . . . . . . . . . . . . . . . . . . . . 4

Ayyash v. Bank Al-Madina, 233 F.R.D. 325 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 3

Better Packages, Inc. v. Zheng, 05 Civ. 4477 (SRC)
    2006 U.S. Dist. LEXIS 30119 (D.N.J. May 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bumpus v. N.Y.C. Trans. Auth.
    66 A.D.3d 26 (App. Div. 2d Dep't 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

Ceara v. Deacon, 68 F.Supp.3d 402 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

Colson v. Haber, 13-CV-5394 (JG) (CLP)
    2016 U.S. Dist. LEXIS 6881(E.D.N.Y. Jan. 20, 2016) . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

Crosby v. City of New York, 269 F.R.D. 267 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . 4

Digital Sin, Inc. v. Doe, 12 Civ. 3873 (JMF)
    2012 U.S. Dist. LEXIS 78832 (S.D.N.Y. June 6, 2012) . . . . . . . . . . . . . . . . . . . . . . . . 5

Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . 3, 6

Duncan v. City of New York, 11-CV-3901 (ENV) (JO)
    2014 U.S. Dist. LEXIS 96214 (E.D.N.Y. July 15, 2014) . . . . . . . . . . . . . . . . . . . . . 9, 10

Eagleston v. Guido, 41 F.3d 865 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hogan v. Fischer, 738 F.3d 509 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Holmes v. City of New York, 132 A.D.3d 952 (App. Div. 2d Dep't 2015) . . . . . . . . . . . . . . . 7

John Wiley & Sons, Inc., v. Doe, 12 Civ. 4231 (PAC)
    2013 U.S. Dist. LEXIS 36359 (S.D.N.Y. Mar. 15, 2013) . . . . . . . . . . . . . . . . . . . . . 4, 5

Justin v. Orshan, 14 A.D.3d 492 (App. Div. 2d Dep't 2005) . . . . . . . . . . . . . . . . . . . . . . . . .7

KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc., 06 Civ. 3013 (JS)
    2006 U.S. Dist. LEXIS 42078 (E.D.N.Y. June 22, 2006) . . . . . . . . . . . . . . . . . . . . . . 3

King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Leibovitz v. City of New York, 14 Civ. 3297 (RA) (JCF)
    2015 U.S. Dist. LEXIS 170476 (S.D.N.Y. Dec. 18, 2015) . . . . . . . . . . . . . . . . . . . . . . 7, 8

Lopez v. City of New York, 05 Civ. 10321 (NRB)
    2009 U.S. Dist. LEXIS 7645 (S.D.N.Y. Jan. 30, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lozano v. City of New York, 88 Civ. 0659
    1992 U.S. Dist. LEXIS 5133 (S.D.N.Y. Apr. 17, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 5

Murphy v. West, 533 F. Supp.2d 312 (W.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Next Phase Distrib., Inc. v. Does 1-27, 284 F.R.D. 165 (S.D.N.Y. 2012) . . . . . . . . . . . . . . . 3, 5

North Atl. Operating Co. v. Evergreen Distribs., LLC,
    293 F.R.D. 363 (E.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Pearson Educ., Inc. v. Doe, 12 Civ. 4786 (BSJ) (KNF)
    2012 U.S. Dist. LEXIS 146721 (S.D.N.Y. Oct. 1, 2012) . . . . . . . . . . . . . . . . . . . . . . . . 3

Prall v. N.Y.C. Dep't of Corr., 129 A.D.3d 734 (App. Div. 2nd Dep't 2015) . . . . . . . . . . . . . . .1

Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002) . . . . . . . . . . . . . 3

Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Snoussi v. Bivona, 05 CV 3133 (RJD) (LB)
    2009 U.S. Dist. LEXIS 18155 (E.D.N.Y. Mar. 10, 2009) . . . . . . . . . . . . . . . . . . . . . . . . 5

Strada v. City of New York, 11-CV-5735 (MKB)
    2014 U.S. Dist. LEXIS 94687 (E.D.N.Y. July 11, 2014) . . . . . . . . . . . . . . . . . . . . . . . . 7

Temple v. New York Comm. Hosp. of Brooklyn
    9 A.D.3d 926 (App. Div. 2d Dep't 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Towers v. A-1 Quality Limousine Serv. LLC
    2011 N.Y. Misc. LEXIS 286 (Sup. Ct., Nassau Co. 2011) . . . . . . . . . . . . . . . . . . . 7, 8, 9

Wesley v. Muhammad, 05 Civ. 5833 (GEL) (MHD)
    2008 U.S. Dist. LEXIS 3136 (S.D.N.Y. Jan. 10, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**                                                                 **Page Numbers**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

ii

Fed. R. Civ. P. 6(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 15(c)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 10

Fed. R. Civ. P. 26(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Freedom of Information Law, N.Y. Public Officers Law § 87 *et. seq*. . . . . . . . . . . . . . . . . 1, 8, 9

New York Civil Practice Laws and Rules § 1024 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 9, 10

**Preliminary Statement**

Plaintiff Ramfis Aquino respectfully submits this memorandum of law in support of his application for an order for certain expedited discovery as to the actual identity of "John Doe" – a corrections official with the New York City Department of Correction ("DOC") who used devastating force against Mr. Aquino and caused him permanent hearing impairment in his left ear – in advance of the expiration of the statute of limitations near the end of this month.

Mr. Aquino has brought a claim under 42 U.S.C. § 1983 alleging that certain DOC officers, including "John Doe," violated his federal constitutional rights. The statute of limitations for that claim expires on March 29, 2013. Over the past several months, I have made multiple Freedom of Information Law ("FOIL") requests on agencies that might have information about the identity of "John Doe." Responses to the FOIL requests, however, have not substantially narrowed the pool of potential tortfeasors. While Mr. Aquino has a detailed physical description of "John Doe," none of the records properly discloseable under FOIL would list such descriptions or provide photographs of potential tortfeasors who might be "John Doe." See Prall v. N.Y.C. Dep't of Corr., 129 A.D.3d 734, 737 (App. Div. 2nd Dep't 2015) (holding photographs of certain persons exempt from disclosure under FOIL).

Having exhausted nearly all possible avenues of relief without success, Mr. Aquino now seeks an Order compelling defendant City of New York to produce, no later than March 11, 2016, (a) photographs of all DOC officials who were present inside Bronx Central Booking at any time from approximately 8:00 p.m. on March 28, 2013 until 4:00 a.m. on March 29, 2013, to the extent that such officials are men, olive-skinned, at least 5'11" in height, heavy set with a large belly, with dark hair, and (b) names and physical descriptions (including but not limited to race, height, and weight) of all DOC officials who match the above description.

1

In the alternative, Mr. Aquino seeks an Order that he shall be permitted to amend the complaint to substitute "John Doe" with the officer's actual identity past the expiration of the statute of limitations in the ordinary course of discovery – given counsel's diligent efforts to identify "John Doe" within the limitations period and detailed description of "John Doe" in the caption and complaint. See Hogan v. Fischer, 738 F.3d 509, 518-520 (2d Cir. 2013) (interpreting the relation-back provisions of Fed. R. Civ. P. 15(c)(1)(A) and Section 1024 of the New York Civil Practice Laws and Rules ("C.P.L.R.")).

## Statement of Facts

Mr. Aquino respectfully refers the Court to the Declaration of Robert M. Quackenbush dated March 2, 2016 for a recitation of the facts relevant to this application.

## Argument

The applicable statute of limitations for a § 1983 action arising in the State of New York is three years (see Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009)), and it begins to run "when the plaintiff knows or has reason to know of the harm." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted).

Here, the use of force against Mr. Aquino took place on March 28, 2013. Therefore, the statute of limitations for Mr. Aquino's § 1983 claim expires on March 29, 2016. See Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time[,] exclude the day of the event that triggers the period"). This case was commenced on March 1, 2016. (See Exhibit 1, Complaint).[1]

---

[1]     All references to exhibits refer to the exhibits attached to the Declaration of Robert M. Quackenbush dated March 1, 2016.

**A.**     **Given the impending statute of limitations and the limited prejudice to defendant City of New York, there is good cause to order expedited the discovery of photographs, names, and physical descriptions of the potential pool of corrections officials who encountered Mr. Aquino on March 28, 2013 inside Bronx Central Booking.**

Rule 26(d) of the Federal Rules of Civil Procedure, titled Timing and Sequence of Discovery, states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." See Next Phase Distrib., Inc. v. Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) ("A party may seek expedited discovery before the ... Rule 26(f) conference when authorized by a court order").

"Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); see Pearson Educ., Inc. v. Doe, 12 Civ. 4786 (BSJ) (KNF), 2012 U.S. Dist. LEXIS 146721, at *7-10 (S.D.N.Y. Oct. 1, 2012) (collecting cases). This reasonableness test "'requires the party seeking the discovery to prove that the requests are reasonable under the circumstances.'" KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc., 06 Civ. 3013 (JS) (AKT), 2006 U.S. Dist. LEXIS 42078, at *9-10 (E.D.N.Y. June 22, 2006) (quoting Better Packages, Inc. v. Zheng, 05 Civ. 4477 (SRC), 2006 U.S. Dist. LEXIS 30119, at *6-7 (D.N.J. May 17, 2006)).

Good cause exists when "'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" North Atl. Operating Co. v. Evergreen Distribs., LLC, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quoting Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

3

Here, the need for expedited discovery cannot be overstated. Despite diligent efforts, Mr. Aquino does not know the identity of the "John Doe" corrections officer who assaulted him on March 28, 2013. The statute of limitations expires on March 29, 2016. While Mr. Aquino has properly named and sued two corrections officials involved in his assault (defendants Francisco Medina and Anthony Robinson), the "John Doe" official is a necessary party because of his "headshot(s)" to Mr. Aquino. (See Complaint, Exhibit 1, at ¶¶ 21-32, 36). If Mr. Aquino is unable to timely substitute "John Doe" with the officer's actual identity, he might be denied recovery for his permanent hearing impairment.

"Statute of limitations concerns" are more than adequate cause to order expedited discovery as to John Doe's identity. See Wesley v. Muhammad, 05 Civ. 5833 (GEL) (MHD), 2008 U.S. Dist. LEXIS 3136, at *40-41 (S.D.N.Y. Jan. 10, 2008) (granting expedited discovery to a prisoner-plaintiff to identify "John Doe" corrections officials in light of "statute-of-limitations concerns"). This is particularly true in § 1983 cases. See Crosby v. City of New York, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (emphasizing the "the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983") (quoting King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988).

In short, Mr. Aquino "has a potentially meritorious claim and no ability to enforce it absence expedited discovery[.]" Admarketplace, Inc. v. Tee Support, Inc., 13 Civ. 5635 (LGS), 2013 U.S. Dist. LEXIS 129749, at *5 (S.D.N.Y. Sept. 11, 2013) (granting expedited discovery to related to identities of unidentified defendants); see also John Wiley & Sons, Inc., v. Doe, 12 Civ. 4231 (PAC), 2013 U.S. Dist. LEXIS 36359, at *14 (S.D.N.Y. Mar. 15, 2013) ("good cause" standard met where plaintiff set forth a prima facie case and could not identify "John Doe"

4

without expedited discovery); <u>Digital Sin, Inc. v. Doe</u>, 12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, at *12 (S.D.N.Y. June 6, 2012) (granting expedited discovery because it "is the only means by which [the plaintiff]…can identify those who allegedly violated its copyright"); <u>Next Phase Distrib., Inc.</u>, 284 F.R.D. at 171-72 (same as <u>John Wiley & Sons, Inc.</u>, supra). Therefore, Mr. Aquino's need for expedited discovery is overwhelming.

Mr. Aquino's dramatic need for expedited discovery substantially outweighs any burden or prejudice to the City of New York in responding to the sought-after order. See <u>North Atl. Operating Co.</u>, 293 F.R.D. at 367. In any event, the burden to the City is minimal given its tremendous resources; the sought-after order would require only that the City's bureaucracy work more quickly than it may be accustomed.

The photographs, names and physical descriptions sought by Mr. Aquino are the sort of discovery routinely requested and disclosed in § 1983 litigation. See <u>Lopez v. City of New York</u>, 05 Civ. 10321 (NRB), 2009 U.S. Dist. LEXIS 7645, at *7 (S.D.N.Y. Jan. 30, 2009) ("the Court ordered the city to gather photographs of corrections officers and medical personnel whose paths plaintiff might have crossed"); <u>Lozano v. City of New York</u>, 88 Civ. 0659 (SWK), 1992 U.S. Dist. LEXIS 5133, at *4 (S.D.N.Y. Apr. 17, 1992) ("Thus far, the plaintiffs have simply named as defendants all the officers on the scene; by specifically identifying individual officers, they may be able to eliminate certain defendants altogether and limit the claims against others. The photographs are obviously an important element in this process"); <u>Murphy v. West</u>, 533 F. Supp.2d 312, 317 (W.D.N.Y. 2008) (ordering production of photographs of John Doe correctional officers); <u>Snoussi v. Bivona</u>, 05 CV 3133 (RJD) (LB), 2009 U.S. Dist. LEXIS 18155, *11-13 (E.D.N.Y. Mar. 10, 2009) (ordering production of photos of officers alleged to have been involved in assault of plaintiff). Moreover, the New York City Law Department and

DOC have established and coordinated procedures for gathering and producing this sort of information for use in litigation. Mr. Aquino simply asks that the City expedite the process because of the exigent circumstances in this matter.

Taken together, it is clear that Mr. Aquino's need for immediate discovery substantially outweighs any prejudice to the City. Mr. Aquino has therefore satisfied the "flexible standard of reasonableness and good cause[.]" See Digital Sin, Inc., 279 F.R.D. at 241.

**B.    In the alternative, the Court should order that Mr. Aquino be permitted to amend the complaint to substitute "John Doe" with his actual identity past the expiration of the statute of limitations in the ordinary course of discovery.**

As an alternative to time-sensitive expedited discovery, Mr. Aquino proposes that he be permitted to substitute "John Doe" in the ordinary course of discovery, even after the running of the statute of limitations, consistent with Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure and C.P.L.R.1024, as interpreted by the Second Circuit Court of Appeals in Hogan v. Fischer, 738 F.3d 509 (2d Cir. 2013).

Under Rule 15(c)(1)(A), an amended pleading can relate back to an earlier pleading if "the law that provides the applicable statute of limitations allows relation back." Id., 738 F.3d at 518. The applicable limitations law is New York law, namely, C.P.L.R. 1024. Id.; Colson v. Haber, 13-CV-5394 (JG) (CLP), 2016 U.S. Dist. LEXIS 6881, at *9 (E.D.N.Y. Jan. 20, 2016).

C.P.L.R. 1024 authorizes the use of a "John Doe" procedure to identify unknown defendants. It reads:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

To substitute a named party for a "John Doe" party *nunc pro tunc*, a plaintiff must meet two requirements.

"First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Hogan, 738 F.3d at 519 (quoting Bumpus v. N.Y.C. Trans. Auth., 66 A.D.3d 26, 29 (App. Div. 2d Dep't 2009)). In this context, due diligence "requires that a plaintiff 'show that he or she made timely efforts to identify the correct party before the statute of limitations expired.'" Strada v. City of New York, 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, at *15 (E.D.N.Y. July 11, 2014) (quoting Justin v. Orshan, 14 A.D.3d 492, 492-93 (App. Div. 2d Dep't 2005)). Courts have repeatedly emphasized that the service of FOIL requests seeking documents that might shed light on the identity of "Doe" defendants constitutes "due diligence." Contrast Colson, 2016 U.S. Dist. LEXIS, at *13 ("Colson made several applications pursuant to [FOIL] for identifying information on the defendant officers, which demonstrate that he exercised due diligence in attempting to name them within the statute of limitations") and Bumpus, 66 A.D.3d at 33-34 (noting that due diligence can be demonstrated through use of relevant FOIL requests) with Holmes v. City of New York, 132 A.D.3d 952, 954 (App. Div. 2d Dep't 2015) (noting that the absence of FOIL requests in concluding plaintiff lacked due diligence) and Temple v. New York Comm. Hosp. of Brooklyn, 89 A.D.3d 926, 928 (App. Div. 2d Dep't 2011) (same). In fact, this Court has held that a single FOIL request, made only three weeks prior to expiration of the statute of limitations, satisfied the due diligence requirement. See Leibovitz v. City of New York, 14 Civ. 3297 (RA) (JCF), 2015 U.S. Dist. LEXIS 170476, at *54-56 (S.D.N.Y. Dec. 18, 2015).

Due diligence can also be demonstrated in other manners, such as showing photographs of "John Doe" to persons who might be able to recognize him (see Towers v. A-1 Quality

Limousine Serv. LLC, 2011 N.Y. Misc. LEXIS 286, at *3 (Sup. Ct., Nassau Co. 2011)) and requesting information from the inspector general of a given agency (see Ceara v. Deacon, 68 F.Supp.3d 402, 411 (S.D.N.Y. 2014)).

As set forth in painstaking detail in the accompanying declaration, counsel has exercised – and, by this emergency application, is *continuing* to exercise – due diligence to learn the identity of the Doe defendant who assaulted Mr. Aquino on March 28, 2013. Beginning in June of 2015, I served three FOIL requests on two different agencies – the DOC and the New York State Inspector General). When the requested records were not forthcoming within the statutory timelines provided by the FOIL, I served an administrative appeal of a constructive denial of a FOIL request, spoke on the phone with the records access officer at the DOC Legal Division seeking status updates, and exchanged about a dozen emails with DOC records access officials seeking same. (See Declaration of Robert M. Quackenbush dated March 2, 2016, at ¶¶ 27-51, and exhibits attached thereto). These efforts alone clearly constitute "due diligence" within the meaning of C.P.L.R. 1024. See Leibovitz, 2015 U.S. Dist. LEXIS 170476, at *54-56; Colson, 2016 U.S. Dist. LEXIS, at *13; Bumpus, 66 A.D.3d at 33-34.

However, that was not the extent of my efforts to identify John Doe. I obtained and reviewed all of Mr. Aquino's medical records from various providers to see if there was additional identifying information. When I received the DOC "investigation" reports into the incident, I conducted internet and social media searches of all male DOC officials identified therein, hoping to find photographs (particularly on publicly-available social media pages) of persons who might be John Doe. In conducting the searches on social media, I found two individuals whose names (and, for one of the men, whose occupation) matched our John Doe. On two separate occasions, I printed photographs of those men and mailed them to Mr. Aquino for a

8

possible identification – unfortunately with negative results. (See Quackenbush Declaration, at ¶¶ 27-51, and exhibits attached thereto). These efforts, although unsuccessful, also demonstrate due diligence. See Ceara, 68 F.Supp.3d at 411; Towers, 2011 N.Y. Misc. LEXIS 286, at *3.

Lastly, of course, I am coming before the Court with an emergency application seeking expedited discovery as to the identity of John Doe. Taken together, there should be no legitimate doubt that my efforts constitute due diligence within the meaning of C.P.L.R. 1024.

Second, to substitute a named party for a "John Doe" party *nunc pro tunc*, the party must describe the "John Doe" party "'in such a form as will fairly apprise the party that [he] is the defendant.'" Hogan, 738 F.3d at 519 (quoting Bumpus, 66 A.D.3d at 30). For instance, this requirement is satisfied where a "John Doe" corrections officer is identified by the time, date, and location inside the prison where an incident occurred, along with a description of the incident. See id. (defendant adequately described where the complaint described the time, date, and location of the incident and included a detailed physical description of John Doe); Ceara, 68 F.Supp.3d at 411-412 (same); see also Duncan v. City of New York, 11-CV-3901 (ENV) (JO), 2014 U.S. Dist. LEXIS 96214, *8-9 (E.D.N.Y. July 15, 2014) (finding description of "John Doe" sufficient because, among other things, the relevant complaint "made clear that there was an additional unidentified officer whom [the plaintiff] specifically described as having participated in holding him down on the barbershop floor and punching and kicking him – the precise conduct he … ascribe[d] to [the defendant]" in his operative complaint).

Here, both in the caption of the complaint and in the complaint itself, Mr. Aquino set forth a detailed physical description of John Doe and identified his employer, along with the date, time and location of the incident. Mr. Aquino also described the role played by John Doe in the strip search and use of force. This is clearly sufficient to satisfy the second requirement for

relation back under C.P.L.R. 1024. See <u>Hogan</u>, 738 F.3d at 519; <u>Ceara</u>, 68 F.Supp.3d at 411-412; <u>Duncan</u>, 2014 U.S. Dist. LEXIS 96214, at *8-9.

Based on the above, it is clear that Mr. Aquino would be permitted to amend the complaint to substitute "John Doe" even after the expiration of the statute of limitations under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure and C.P.L.R. 1024. Therefore, the Court has the option of either (a) granting expedited discovery so that Mr. Aquino can attempt to substitute John Doe prior to the running of the statute of limitations, or (b) ruling that Mr. Aquino would be entitled to make the substitution after the running of the statute of limitations, *nunc pro tunc*, consistent with Rule 15(c)(1)(A) and C.P.L.R. 1024.

### Conclusion

For the reasons stated above, Mr. Aquino respectfully requests that the Court grant him the relief sought in the proposed Order to Show Cause. We thank the Court for its time and attention to this matter.

Dated:     New York, New York
           March 2, 2016

                                        Respectfully submitted,

                              By:       Robert M. Quackenbush
                                        Rankin & Taylor, PLLC
                                        *Attorneys for the Plaintiff*
                                        11 Park Place, Suite 914
                                        New York, New York 10007
                                        t: 212-226-4507
                                        f: 212-658-9480
                                        e: robert@drmtlaw.com