```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
-----------------------------------------X      ELECTRONICALLY FILED
                                                DOC #: _____
                                                DATE FILED: 5/19/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMFIS AQUINO,

                Plaintiff,

            -against-

CITY OF NEW YORK, *et al.*

                Defendants.
------------------------------------------------------------X

1:16-cv-1577-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

In March 2013, Plaintiff Ramfis Aquino was taken into custody for violating the conditions of his parole. Plaintiff alleges that while being processed at the Bronx Central Booking facility, certain employees of the New York City Department of Correction subjected him to the use of excessive force when they struck him in the head and back without provocation, resulting in permanent hearing loss. Plaintiff asserts two claims under 42 U.S.C. § 1983: (1) a claim of excessive force against Defendants Francisco Medina, David Cruz, and Anthony Robinson and (2) a claim of municipal liability against the City of New York pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

On April 21, 2017, Defendants filed a motion seeking bifurcation of Plaintiff's *Monell* claim against the City from his underlying constitutional claim of excessive force against the individual Defendants. Dkt. No. 82. Plaintiff opposed the motion on May 3, 2017, Dkt. No. 86, and Defendants replied on May 10, 2017, Dkt. No. 87. For the reasons stated below, Defendants' motion is GRANTED.

1

## II. LEGAL STANDARD

Under Rule 42(b), a district court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . ." Rule 42(b) "affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency. Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (internal citations omitted).

It is well-established that a plaintiff must prove the denial of a constitutional right by a municipal officer in order to hold a municipality liable under *Monell*. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[None] of our cases authorize[] the award of damages against a municipal corporation based on the actions of one of its officers . . . [i]f a person has suffered no constitutional injury . . . ."); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (where "district court properly found no underlying constitutional violation," it was not necessary to consider claims of municipal liability under *Monell*). As a result, courts in this Circuit often order bifurcation in § 1983 cases involving both claims against individual officers and *Monell* claims against a municipality. As the Second Circuit stated in *Amato*

> Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a 'policy and custom' on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of [municipal liability] is only actionable where some constitutional violation actually occurred.

170 F.3d at 320; *see also Brown v. City of New York*, No. 13-cv-6912 (TPG), 2016 WL 616396, at *2 (S.D.N.Y. Feb. 16, 2016) ("[S]ince there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit

have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants."); *Mineo v. City of New York*, No. 09-cv-2261 (RRM) (MDG), 2013 WL 1334322, at *1 (E.D.N.Y. Mar. 29, 2013) (noting that "Courts in this Circuit favor bifurcating *Monell* claims" and ordering that the "*Monell* claims against the City will await resolution of the claim against the individual defendant").

III. DISCUSSION

Defendants seek bifurcation in this case on two grounds: (1) that bifurcation will promote the efficient and convenient resolution of this matter and (2) that bifurcation will avoid unfair prejudice to the individual Defendants at trial. On the first ground, Defendants maintain that a trial on Plaintiff's excessive force claim alone will involve only a "limited, manageable amount of proof related only to a single purported use of force" in contrast to the evidence "of a considerably greater frequency of culpable incidents, none of which has any relevance to plaintiff's underlying claims" that will likely be necessary to establish municipal liability. Dkt. No. 84 at 12. Defendants also take the position that these "issues are distinct and involve different proof," so "separate trials would not result in the overlap of the presentation of evidence." *Id.* On the second ground, Defendants assert that the individual Defendants will face the risk of unfair prejudice before the jury, because the jury might consider *Monell* evidence as "probative of the individual officers' alleged misconduct against the plaintiff." *Id.* at 14. In other words, the "individual officers will be prejudiced if the jury hears about other instances of correction officers being disciplined or failing to be disciplined for using force against other inmates," inasmuch as "this information has no bearing on whether the individual officers assaulted the plaintiff as he claims." *Id.*

The Court concludes that bifurcation under Rule 42(b) is appropriate in this case. First, bifurcation will advance the efficient resolution of this case as a whole. As noted above, any municipal liability against the City of New York is derivative of individual liability against the officers

3

who allegedly used excessive force against Plaintiff. Litigating his excessive force claim against the individual Defendants first may obviate the need to try Plaintiff's municipal liability claim against the City, since the City cannot be held liable under *Monell* in the absence of a constitutional violation by one of the individual Defendants. And the "fact that the jury [may] ultimately find liability does not alter the soundness" of the conclusion that bifurcation "would further the goal of efficiency" where a finding of no liability against the officers would render a trial against the City unnecessary. *Amato*, 170 F.3d at 316. In addition, in connection with the City's motion to dismiss Plaintiff's *Monell* claim, Dkt. No. 51, the Court stayed discovery on that claim. Dkt. No. 46. Following the Court's decision granting that motion, Dkt. No. 68, Plaintiff filed an amended complaint, but no discovery has yet taken place on the *Monell* claim.[1] Given the procedural history of this case, therefore, bifurcation could eliminate not only the need for a trial on Plaintiff's *Monell* claim, but it could also render discovery and summary judgment motion practice on that claim unnecessary. Finally, discovery is also complete on Plaintiff's underlying excessive force claim, and that claim is now ready for trial.

Bifurcation would also protect against the risk of unfair prejudice to the individual officers. The parties' submissions to the Court have suggested that, in support of his *Monell* claim, Plaintiff will seek to introduce evidence of misconduct by DOC employees other than the individual Defendants. In *Amato*, however, the Second Circuit found that the risk of prejudice to the individual defendants from evidence presented against the municipality warranted bifurcation, where the evidence against the latter consisted, in part, of a history of excessive force claims brought against the entire police department. *Id.* The Court found that this evidence "would likely be either inadmissible as against [the individual defendants], or prejudicial to those individual defendants." *Id.*; *see also Mineo*, 2013 WL 1334322, at *1 ("[B]ifurcation will avoid prejudice to the individual

---

[1] On April 25, 2017, the Court granted Defendants' request to stay discovery on Plaintiff's *Monell* claim pending resolution of Defendants' bifurcation motion. Dkt. No. 85.

4

officer. For example, potential evidence of other incidents that may be admissible solely against the City to prove Monell liability could dangerously infect the jury's consideration of the individual claim against [the officer].").

Plaintiff's arguments in opposition to bifurcation are unavailing. In his opposition papers, Plaintiff does not demonstrate why the interests espoused by Rule 42(b), as recognized by the Second Circuit, would not be promoted by bifurcation. He relies on an unsupported assertion that "the evidence that will be relevant to the claims against the municipality will also be relevant against the individual defendants." Dkt. No. 86 at 2. This argument is insufficient to show that bifurcation is inappropriate. Plaintiff also cites cases stating that there is a "presumption" in favor of single trials. *Id.* To the extent that there is such a recognized presumption, however, Defendants have rebutted it in this case.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion for bifurcation is GRANTED. The stay of discovery on Plaintiff's *Monell* claim entered by the Court on April 25, 2017 (Dkt. No. 85) remains in full force and effect pending trial of Plaintiff's underlying constitutional claim.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 82.

SO ORDERED.

Dated: May 19, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge